

Judge McMahon

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

13 CV 2887

Index No.

------------------------------------------------------------------X

ADZELLE COLLYMORE,

                                Plaintiff,

                -against-

SPILLANE PARKSIDE CORPARATION ,d/b/a,
MCDONALDS *Individually*, JOSAIDA INC., *Individually*,
AND RONALD (LAST NAME YET UNKOWN),
*Individually*, KEVIN SAWYERS, *Individually* and
DONISIA HALL

                                Defendants.

------------------------------------------------------------------X

**COMPLAINT**



PLAINTIFF DEMANDS TRIAL BY JURY

APR 30 2013

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, ADZELLE COLLYMORE, by her attorneys, PHILLIPS & ASSOCIATES,

Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as

follows:

1.  Plaintiff brings this action pursuant to  Title VII and that Defendants violated the

New York State Human Rights Law, New York State Executive Law § 296 *et. seq.,* and the New

York City Human Rights Law, New York City Administrative Code § 8-107, *et. seq.,* and seeks

damages to redress the injuries Plaintiff has suffered as a result of being **sexually battered,**

**sexually harassed,  discriminated against on the basis of her gender and retaliated against for**

**complaining of sexual harassment.**

**JURISDICTION AND VENUE**

2.  Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. §

626(c), and 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the

claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this district, pursuant to 28 U.S.C. §1391(b), based upon

Defendants' residency within the County of New York, State of New York, within the Southern District of New York.

## PROCEDURAL PREREQUISITES

4.   Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

5.   Plaintiff received a Notice of Right to Sue from the EEOC, dated April 12, 2013, with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

6.   This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

7.   Plaintiff ADZELLE COLLYMORE ("COLLYMORE") is a resident of the State of New York, County of Kings. She was an employee of Defendants SPILLANE PARKSIDE CORP. d/b/a MCDONALD'S and/or JOSAIDA INC., holding the title of Crew Member.

8.   At all times material, Defendant JOSAIDA INC. ("JOSAIDA INC.") was a domestic corporation existing pursuant the laws of the State of New York, owning and operating a local McDonalds franchise located at 316 East 53rd Street, New York, New York 10022.

9.   At all times material, Defendant SPILLANE PARKSIDE CORP. (" SPILLANE CORP.") was a domestic corporation existing pursuant the laws of the  State of New York, owning and operating a local McDonalds franchise located at 316 East 53rd Street, New York, New York 10022.

10. At all times material, Defendant RONALD (LAST NAME YET UNKOWN) ("RONALD") was and is a resident of the State of New York.

11. At all times material, Defendant KEVIN SAWYERS ("SAWYERS" ) was and is a resident of the State of New York.

12. At all times material, Defendant DONISHA HALL ("HALL") was and is a

2

resident of the State of New York.

13.  At all times material, Defendants RONALD, SAWYERS and HALL were and are the employees of Defendants SPILLANE and/or JOSAIDA. Defendant RONALD held the title of shift manager. Defendants SAWYERS and HALL held the title, Manager, a supervisory position over Plaintiff.

14.  At all times material, Defendants RONALD, SAWYERS and HALL were Plaintiff's supervisors and/or had supervisory authority over Plaintiff.

15. Defendants JOSAIDA INC,  SPILLANE PARKSIDE CORP. d/b/a McDonald's, SAWYERS, HALL and RONALD are jointly referred to as "Defendants."

## MATERIAL FACTS

16. On or around April 2012, Plaintiff began her employment with Defendants.

17. Plaintiff was employed as a crew member.

18. Plaintiff earned $7.25 per hour.

19. In April 2012, Defendant Ronald, a Shift Manager, **called the Plaintiff his "McDonalds wife".** The Plaintiff ignored the Defendant, displaying her offense and objection the comment through her facial expressions and gestures.

20. **Defendant RONALD disregarded Plaintiff COLLYMORE's obvious discomfort and objection to the unwelcomed comment and asked: "when are we going to get together?" "When are you and your baby father going to part? " The Defendant RONALD continued stating, "I have your number stored in my phone, so I would like to call you"** Plaintiff was offended, uncomfortable and walked away shocked and fearful for her safety, as Plaintiff had not given her telephone number to Defendant RONALD.

21. The Plaintiff reported Defendant RONALD's harassing behavior to the other

3

managers, Defendants HALL and SAWYERS. **Plaintiff informed defendants HALL and SAWYERS, about the above statements by Defendant RONALD and how those statements made her feel. Defendants said they would speak to Defendant RONALD and write him up. Instead, Defendants HALL and SAWYERS took no action. As a result, Defendant RONALD's unwelcomed, sexually harassing behavior continued.**

      22.  The sexual harassment that had been mostly verbal, escalated into an assault and battery May 2012 when**, Defendant RONALD followed the Plaintiff into a storage room and forced the Plaintiff to kiss him; Defendant RONALD aggressively grabbed Plaintiff, forcing his lips upon hers. Plaintiff continued to object to Defendant RONALD's unwelcomed touching and sexually harassing behavior by pushing the Defendant away, trying to get away. Defendant, in a calm voice ignored Plaintiff's resistance stating, "stop playing" as he continued to force himself on Plaintiff. Plaintiff was then able to get the Defendant off f her and got away**

      23.  There were no other managers on site. Therefore, **Plaintiff, then crying, made a report to Defendants through a crew trainer Allison, who was a supervisor and/or had supervisory authority over Plaintiff.** After speaking with Allison, Plaintiff left the site upset, humiliated and scared.

      24.  The following day Plaintiff told Defendants HALL and SAWYERS what Defendant RONALD had done to the Plaintiff explaining that **Defendant RONALD followed the Plaintiff into a storage room and forced Plaintiff to kiss him, while Defendant RONALD was aggressively grabbing Plaintiff, forcing his lips on her,** **Defendants HALL and SAWYERS said they would fire Defendant Ronald. However, again, Defendants acquiesced in Defendant RONALD's behavior by failing to prevent and correct his sexually harassing behavior by taking no action against Defendant RONALD.**

25. As a result, Plaintiff knew she would be forced to continue to work with Defendant RONALD with no protection from future sexually harassing acts. Plaintiff COLLYMORE began to experience severe emotional distress. Her fear of continued harassment and unwelcomed physical content caused her to call out of sick, just to avoid the continued uncomfortable work environment that the Defendants had created.

26. In June 2012 when Plaintiff did come into work, Defendant RONALD, who was still allowed to work on the Plaintiff's shift, **would ask her, in a contemptuous voice "are you okay? If you need anything, you can call me."** Plaintiff stayed as far from Defendant RONALD as possible. However Defendant RONALD, in spite of Plaintiff's continued objections, continued to speak to the Plaintiff, making her at all times very uncomfortable in the Plaintiffs work place.

27. **When the Plaintiff inquired of Defendants as to why Defendant RONALD was still there at the same location of Plaintiff, she was informed by the Defendants that they are trying to convince Defendant RONALD to transfer to another store. Defendant RONALD was never transferred.**

28. The sexual harassment continued. By way of example, Defendant RONALD walk up to the Plaintiff and say **"you are not ready for this big monster"** referring upon information and belief to his penis. Defendant RONALD, would just smile uncomfortably at Plaintiff. Again, Plaintiff informed Defendants HALL and SAWYERS about Defendant's RONALDS continued harassment. **Again, Defendants acquiesced in his behavior by failing to take an corrective action against Defendant RONALD.**

29. In July 2012, Defendant RONALD continued his harassment, the Defendant tried

to get the Plaintiff to go into the storage room with him. Defendant RONALD, repeatedly stating **"you are not ready for this big monster."** The Plaintiff objected to these unwelcomed advances asking the Defendant to leave her alone.

30. **Defendant RONALD responded by accosting Plaintiff, grabbing her and forcing her up into his arms. Defendant RONALD tried to drag Plaintiff into the storage room by force. He began grabbing Plaintiff COLLYMORE's breasts. While the two struggled, Defendant pressed his erect penis on Plaintiff's shoulder. After much resistance, Plaintiff was able to elbow the Defendant RONALD and got away. Plaintiff immediately informed her crew members what Defendant RONALD did to her; Plaintiff then clocked out and left work.**

31. The next day Plaintiff came into the work and again made a report to Defendants HALL and SAWYERS. The plaintiff was very upset crying and screaming explaining that Plaintiff was sick of being harassed at her place of employment and that management was not doing anything about defendant RONALD's continued behavior of harassment. Plaintiff explained that she was afraid that Defendant RONALD would touch her again and that having him so close to her made her feel nervous and stressed; creating a hostile work environment.

32. **Defendants HALL and SAWYERS tried to calm Plaintiff. Defendants explained that they would be leaving, and that the new management would deal with Defendant RONALD. Defendant RONALD, defiantly kept coming into the room while Defendants HALL and SAWYERS were calming down the Plaintiff. Placing Plaintiff in apprehension of imminent harm.**

33. Defendants HALL and SAWYERS screamed at Defendant RONALD stating "Ronald, get the fuck out man, you must know you did something to the girl, no one called you in here."

34. When the new management arrived at the store, Plaintiff informed them of Defendant RONALD's sexual harassment. The new management called the old management and asked why Defendant RONALD was not fired. Defendant HALL did not respond the new management's inquiries.

35. Defendant RONALD showed up to the restaurant, unscheduled, three times and attempted to speak with Plaintiff COLLYMORE.

36. The Plaintiff was scared and felt forced out of her position. The continuous harassment allowed by the Defendants created a hostile work environment, under which a reasonable person would not have remained. This environment resulted in Plaintiff being forced to leave her position. Defendants' inaction in the presence of all of Defendant RONALD'S sexually harassing behavior, the battery and the assault, constitutes a constructive discharge by the Defendants of Plaintiff.

37. Defendants constant harassment of Plaintiff and their failure to take action when she complained of sexual harassment created a hostile work environment that perpetuated in spite of Plaintiff objections and complaints.

38. Plaintiff has been unlawfully was humiliated, , has been degraded, victimized and embarrassed; and as a result suffers loss of rights, emotional distress, loss of income and earnings.

39. Plaintiff's performance was, upon information and belief, was professionally acceptable during the course of employment with the Defendants.

40. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

41. As a result of the Defendants' discriminatory and retaliatory treatment of Plaintiff, she suffered severe emotional distress, physical ailments, and physical injuries.

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered and

will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

43. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of all lower Courts.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the above-named Defendants.   Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

46. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq*., by discriminating against Plaintiff because of her gender (sexual harassment).

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(Not Against Individual Defendant)**

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any

8

practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

49. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice:  "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

52. Defendants violated the section cited herein as set forth.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

55. Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

58. Defendants violated the section cited herein as set forth.

## AS A SIXTH CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

60. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice:

"For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

61. Defendants violated this section cited herein as set forth.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

10

63. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her gender, perceived sexual orientation, together with sexual harassment.

## AS A EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

65. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

67. Defendants violated the section cited herein as set forth.

## AS A NINETH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

68. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

69. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discipline . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

70. Defendants violated the section cited herein as set forth.

## AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

71. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

73. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

74. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

12

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

75. Defendants violated the section cited herein as set forth.

## AS A TWELTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

76. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

78. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A THIRTEENTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. Defendants engaged in extreme and outrageous conduct.

81. Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiff.

82. There exists a causal connection between the above conduct and said injury.

83. As a result of said conduct Plaintiff suffered and suffers from severe emotional distress.

## AS A FOURTHEENTH CAUSE OF ACTION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE RETALIATION

84. Plaintiff repeats, repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

85. New York City Administrative Code Title 8-107(7) provides that:

"It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter..."

86. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to, attempting to constructively terminate Plaintiff's employment because he opposed Defendants' unlawful employment actions.

## AS A FIFTHTEENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

87. Plaintiff repeats, repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

88. New York Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this action.

89. Defendants violated the section cited herein as set forth.

## AS A SIXTEENTH CAUSE OF ACTION FOR
## SEXUAL ASSAULT AND BATTERY

14

90. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

91. That the aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendants, their agents, servants and/or employees, suddenly and without provocation did physically assault and battery Plaintiff herein and did cause unwelcome contact, causing the Plaintiff to sustain damages.

92. Defendants violated the section cited herein as set forth.

93. That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## JURY DEMAND

94. Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the New York State Executive Law §296 *et. seq.*, the New York City Administrative Code § 8-107 *et. seq.* and Title VII in that Defendants discriminated against Plaintiff on the basis of her gender;

B. Declaring that the Defendants intentionally caused Plaintiff to become emotionally distressed;

C. Awarding damages to the Plaintiff for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical

15

injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

E.  Awarding Plaintiff punitive damages;

F.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
        April 30, 2013

                    **PHILLIPS & ASSOCIATES,**
                    **ATTORNEYS AT LAW, PLLC**


                    Marjorie Mesidor (MM1978)
                    *Attorneys for Plaintiff*
                    30 Broad Street, 35th Floor
                    New York, NY 10004
                    (212) 248-7431 (telephone)
                    MMesidor@tpglaws.com

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Adzelle Collymore<br>85 Crooke Avenue, Apt. 14<br>Brooklyn, NY 11226 | From: **New York District Office**<br>**33 Whitehall Street, 5th Floor**<br>**New York, NY 10004** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2012-03669** | **John B. Douglass,**<br>**Investigator** | **(212) 336-3765** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____     4-12-2013

**Kevin J. Berry,**
**District Director**

*(Date Mailed)*

Enclosures(s)

cc:   **SPILLANE PARKSIDE CORPORATION**
**c/o Brian K. Jackson**
**Fisher & Phillips LLP**
**10 South Wacker Drive**
**Chicago, IL 60606**

Marjorie Mesidor, Esq.
PHILLIPS & PHILLIPS, PLLC
30 Broad Street, 35th Floor
New York, NY 10004